U.S. District Court

For the Northern District of New York

**Raymond D. Schaffer,**
Plaintiff,
v.
**Serafini Transportation,**
Defendant.

U.S. DISTRICT COURT – N.D. OF N.Y.
FILED
Apr 07 - 2025
John M. Domurad, Clerk

Civil Action No. 3:25-CV-427 (AJB/ML)

**COMPLAINT**

Plaintiff, **Raymond D. Schaffer**, acting **pro se** (on his own behalf), hereby complains against Defendant, **Serafini Transportation**, and alleges as follows:

## I. JURISDICTION AND VENUE

1. This action arises under the **Americans with Disabilities Act of 1990 (ADA)**, 42 U.S.C. § 12101 et seq., and the **Civil Rights Act of 1964**, Title VII, 42 U.S.C. § 2000e-2.
2. This Court has jurisdiction over this matter pursuant to **28 U.S.C. § 1331**, as the action arises under federal law.
3. Venue is proper in this district pursuant to **28 U.S.C. § 1391**, because the events giving rise to this claim occurred in **Binghamton, New York**, and the Defendant's principal place of business is located within this district.

## II. PARTIES

1. Plaintiff, **Raymond D. Schaffer**, is a resident of **Vestal, New York**, and alleges that Defendant, **Serafini Transportation**, discriminated against him based on his disability.
2. Defendant, **Serafini Transportation**, is a business entity with its principal office located at **375 State Street, Binghamton, NY 13901**. At all times relevant to this action, Defendant was an employer within the meaning of the ADA and subject to its provisions.

## III. FACTUAL ALLEGATIONS

1. **Early February 2024:** Plaintiff submitted an online employment application to **Serafini Transportation Corp.**
2. **February 9, 2024:** Plaintiff received an email from **Ryan Tichenor**, a Serafini representative, informing him that his application was under review and expressing

interest in discussing the position further. Mr. Tichenor asked Plaintiff to describe what most interested him about the job.

3. **February 10, 2024:** Plaintiff sent Mr. Tichenor a two-paragraph response to his February 9 email.
4. **February 13, 2024:** Plaintiff emailed Mr. Tichenor, advising that he would stop by the office the next day between **10:00 a.m. and 11:00 a.m.** Mr. Tichenor replied, "Sounds good. See you then."
5. **February 14, 2024:**
    o Plaintiff arrived at **Serafini Transportation's** office at **375 State Street, Binghamton, New York,** shortly before **10:00 a.m.**
    o At the front desk, Plaintiff introduced himself to a female employee and stated he was there for his scheduled interview with Mr. Tichenor.
    o The employee provided Plaintiff with an application and directed him to a seating area to complete it.
    o After completing the application, Plaintiff and another applicant, **Paul**, were escorted to a separate room to wait for Mr. Tichenor.
6. **At approximately 11:20 a.m.:**
    o Mr. Tichenor entered the room, introduced himself, and asked which applicant had arrived first. Plaintiff confirmed he was first.
    o Mr. Tichenor escorted Plaintiff to his office, where the interview took place.
7. **Interview details:**
    o The interview lasted approximately **30 minutes**.
    o They discussed various driving opportunities, including medical transport, wheelchair-bound patient transport, and solo driving.
    o Mr. Tichenor mentioned Serafini's recent acquisition of another company and its continued growth.
    o They agreed Plaintiff would be hired as a solo driver, working **Monday through Thursday** at a pay rate of **$18 per hour** (approximately **$720 per week**), with the potential for a pay increase due to a pending contract renegotiation with **United Health Services.**
8. **Post-interview steps:**
    o Plaintiff provided Mr. Tichenor with copies of his **résumé, driver's license, abstract,** and **Medical Examiner's Certificate**.
    o Mr. Tichenor requested a copy of the full **DOT physical report.**
    o Mr. Tichenor informed Plaintiff that the final step in the hiring process was a mandatory **drug screening**, and he directed Plaintiff to the front desk to obtain the testing order.
9. **Drug screening:**
    o The front desk employee provided Plaintiff with a **Federal Drug Testing Custody and Control Form** and directed him to **Evolution Consulting** at **Metrocenter, 45 Court Street, Binghamton,** for the drug test.
10. **DOT physical report:**
    o Following the completion of his drug screening, Plaintiff obtained a copy of his **full DOT physical report** from **Two Rivers Chiropractic**, located at **1121 Front Street**. The report documented Plaintiff's medical history, including multiple surgeries: total knee replacements in both knees, multiple surgeries on the left arm with the insertion of a surgical plate in his left arm, and surgery on his left shoulder. It also noted that Plaintiff has had a broken nose, surgery to repair a deviated septum, had undergone

gallbladder removal, and experiences various health conditions. Specifically, the report indicated that Plaintiff:
- Utilizes hearing aids, although they are not required for driving.
- Is being treated for high cholesterol, high blood pressure, and type 2 diabetes.
- Has a history of skin cancer.
- Has been hospitalized multiple times.
- Has sustained multiple bone fractures.
- Has a past history of tobacco use.
- None of these conditions has impaired, nor would they impair, Plaintiff's ability to perform all functions of his employment.
- Plaintiff returned both the drug screening form and the DOT physical report to the front desk at Serafini's office.
- An employee informed Plaintiff that the drug screening results would likely be available by **Monday, February 19, 2024.** If the results were clear, Plaintiff would probably be contacted to begin orientation on **Tuesday, February 20, 2024.**

**February 19, 2024, at 10:42 a.m.:**

- Plaintiff received a call from a female Serafini representative, who stated that his drug screening results were clear.
- However, she then informed Plaintiff that Serafini was **no longer hiring**, citing a merger with another company and the transfer of that company's drivers.
- The representative indicated that the hiring status was uncertain and implied that there was no foreseeable timeline for hiring.

11. **Subsequent discovery:**
    - Plaintiff frequently checked Serafini's website and found that the company continued **actively hiring** other individuals, indicating that Plaintiff was likely denied employment due to his medical history **(disability).**
12. Plaintiff alleges that his medical history **(disability)** was a factor in Serafini's refusal to hire him. The company's explanation was pretextual, and no legitimate, non-discriminatory reason was provided for the decision.
13. As a result of Defendant's actions, Plaintiff suffered damages, including:
    - Emotional distress,
    - Loss of wages, and
    - Other financial harm.

---

## IV. CLAIM FOR RELIEF – DISABILITY DISCRIMINATION

1. Defendant's refusal to hire Plaintiff, despite his successful completion of the hiring process, constitutes discrimination based on **disability**, in violation of the **Americans with Disabilities Act (ADA),** 42 U.S.C. § 12112(a).
2. Defendant's actions were willful and malicious. Plaintiff is entitled to:
    - Compensatory damages, including **back pay, front pay,** and emotional distress damages.
    - Punitive damages.
    - Any other damages to which Plaintiff may be entitled under applicable law.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, **Raymond D. Schaffer**, respectfully requests that this Court:

1. Award **compensatory damages**, including back pay, front pay, and emotional distress damages.
2. Award **punitive damages** for Defendant's willful and malicious conduct.
3. Award attorney's fees and costs of this action, if applicable.
4. Grant any other relief the Court deems just and proper.

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## VII. CERTIFICATE OF SERVICE

I hereby certify that on **1 April 2025**, I have mailed a copy of this Complaint to Defendant, **Serafini Transportation**, at the address of **375 State Street, Binghamton, NY 13901**, by certified mail.

## VIII. SIGNATURE

*/s/ Raymond D. Schaffer*

**Raymond D. Schaffer**
329 Front Street
Vestal, New York 13850
607.765.8877
rschaffer125@gmail.com

**Date:** 31 March 2025

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

New Orleans Field Office
500 Poydras Street, Suite809
New Orleans, LA 70130
(504) 635-2531
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 02/04/2025

**To:** Raymond D. Schaffer
329 Front Street, VESTAL, NY 13850
Charge No: 525-2024-01013

EEOC Representative and email:   SIRWANDA HALL
Federal Investigator
sirwanda.hall@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Michael Kirkland
02/04/2025
Michael Kirkland
Director

Case 3:25-cv-00427-AJB-ML     Document 1     Filed 04/07/25     Page 6 of 6

Raymond Schaffer
329 Front St
Vestal, NY 13850-1515




Retail

U.S. POSTAGE PAID
FCM LG ENV
VESTAL, NY 13850
APR 01, 2025
$1.77

13901
RDC 99
S2324K505082-21

Honorable Brenda S. Sannes
Chief Judge
U.S. District Court for the Northern District of New York
Federal Building and U.S. Courthouse
15 Henry Street
Binghamton, NY 13901